IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS - HOUSTON DIVISION

| | |
|---|---|
| Yoania Hernandez, both individually, and on behalf of those similarly situated, | ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| Duncan Burch, Inc. d/b/a Chicas Locas, Steven W. Craft, and Eugene G. LeClaire, | ) ) ) |
| Defendant. | ) |

**PLAINTIFF'S ORIGINAL COLLECTIVE AND CLASS ACTION COMPLAINT**

TO THE HONORABLE U.S. DISTRICT JUDGE:

Plaintiff Yoania Hernandez, both individually, and on behalf of those similarly situated, ("Plaintiff"), brings this action against Defendants Duncan Burch, Inc. d/b/a Chicas Locas ("DBI"), Steven W. Craft ("Craft"), and Eugene G. LeClaire ("LeClaire") (cumulatively referred to as "Defendants") and in support thereof, would show the Court as follows:

**Introduction**

1. Plaintiff brings this action for unpaid wage compensation and other relief under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 201, et seq. Plaintiff seeks damages for unpaid wages, liquidated damages, and reasonable attorneys' fees and costs. In addition, Plaintiff seeks compensation for Defendants' Negligence under supplemental jurisdiction theories of recovery

**Jurisdiction, Venue, and Parties**

2. Jurisdiction is conferred on this Court by 28 U.S.C. § 1337 and by 29 U.S.C. § 216(b) because the FLSA claim involves federal questions of law. The Court possesses supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because they arise out of the same facts and transactions as Plaintiff's federal claims such that they form part of the same controversy.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because Defendants operated their business in Harris County, Texas.

4. Plaintiff is an individual who resides in Harris County, Texas.

5. Defendant DBI is a corporation organized under the laws of Texas; at all relevant times, it operated its business in Harris County, Texas.  Craft is the president of DBI and LeClaire is the vice president of DBI.

### Facts Common to All Claims

6.  DBI operates gentlemen's clubs in the state of Texas.

7.  In addition to featuring exotic dancers, DBI serves food and alcoholic beverages; it employs over 40 waitresses to provide food and beverage service to its customers.

8. Plaintiff was a waitress at DBI, and she was employed there from January 28, 2022 to June 19, 2022.  Plaintiff was paid approximately $2.70 per hour and she also earned tips from customers.

9. Defendants implemented and mandated numerous policies for its waitresses, including Plaintiff, that violate federal wage laws and Texas common law.

10.  All waitresses, including Plaintiff, were required to pay a daily fee to work in DBI.  This fee was $15 per day on weekdays, and $20 per day on weekends.  Plaintiff typically paid between $95 and $110 per week to DBI.  This fee had to be paid in cash, it was typically taken from a waitress's earned tips, and it went to DBI and/or DBI management.  It was not shared with "back of house" employees or other employees who might be entitled to share in a "tip pool."

11.  On information and belief, DBI nets over $200,000 per year from the payments forced upon Plaintiff and its waitresses.

12. In addition, Defendants implemented and mandated a quota upon Plaintiff and its waitresses to sell a certain number of alcoholic "shots" every night.  If a waitress failed to meet the quota,

2

the difference between the quota and the alcoholic shots actually sold are deemed unsold shots (the "Unsold Shots.")

13. In the event a waitress has Unsold Shots at the end of her shift, the waitress is required to pay DBI for the value of the Unsold Shots. On at least one occasion, Plaintiff was required to pay DBI $40 for a night's worth of Unsold Shots.

14. DBI sets waitresses' quotas for unsold shots artificially high; and DBI management specifically instructs DBI waitresses to sell multiple shots to individual customers, and to inform the customer that they will "do a shot" with them.

15. This puts DBI waitresses in a position where they are forced to consume excessive amounts of alcohol in order to make a sales quota, or face repercussions including discipline, termination, and/or money owed to DBI.

16. Plaintiff believes that she has suffered alcohol poisoning on at least one occasion as a result of this practice; she has witnessed other waitresses "pass out" from alcohol consumption from this practice. On information and belief, at least one DBI waitress has died, and alcohol poisoning from this practice was a contributing factor.

17. Defendant DBI is an employer as defined by 29 U.S.C. § 203(d); Defendant had and has employees subject to the provisions of 29 U.S.C. § 206. DBI is a for-profit club with in excess of forty employees and gross revenues far in excess of $500,000 per year. In addition, DBI traffics in interstate commerce in that it advertises its services on the web, and it sells products that have trafficked in interstate commerce, including: beer, liquor, and sodas.

18. Defendants Craft and LeClaire are also "employers" as that term is defined in Section 203 of the FLSA because (1) they had the power to direct and supervise Plaintiff's work, as well as the work of the members of the proposed collective/class; (2) they had the authority to hire and fire Plaintiff, as well as members of the proposed collective/class; and (3) they had the power to enact

and implement compensation policies for its workers, including Plaintiff and members of the proposed collective/class.

19. DBI currently employs in excess of forty waitresses, and DBI has a high rate of turnover for its employees. Accordingly, on information and belief, the class/collective membership would include more than eighty employees.

20. Plaintiff and members of the proposed collective/class are not exempt workers under the FLSA.

## Collective Action Allegations

21. Plaintiff brings this collective action for herself and all others similarly situated pursuant to 29 U.S.C. § 216(b) to recover unpaid wages, liquidated damages and other damages related to Defendant's violation of the FLSA. Attached as Exhibit A is her executed Consent to Join Collective Action; Ex. A is incorporated herein.

22. Plaintiff pursues the requested relief on behalf of the following proposed Collective:

> All individuals who currently work, or have worked, for Defendants, who have been deprived of wages and/or tips by virtue of having to pay DBI a daily fee to work and by virtue of having to pay DBI for any Unsold Shots.

23. Plaintiff is a member of the collective she seeks to represent, because she was denied all wages earned during her shift by virtue of the fact that she was forced to pay a daily work fee out of her earned tips to DBI and by virtue of having to pay DBI for Unsold Shots; thus she was unlawfully deprived of minimum wages and tips.

24. This action may be properly maintained as a collective action because Plaintiff and the members of the collective are similarly-situated.

25. Plaintiff estimates that the collective, including both current and former employees over the relevant period, will include at least fifty members. The precise number of Collective Members

should be readily available from Defendant's personnel, scheduling, time records, and from input received from the collective members as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b). Given the composition and size of the Collective, its members may be informed of the pendency of this action directly via U.S. mail and via electronic mail.

26. Defendant's unlawful conduct has been widespread, repeated, and consistent.

### Count 1 – Violations of FLSA

27. Plaintiff incorporates paragraphs 1-26 above as par. 27 herein.

28. Defendants were paying Plaintiff an hourly wage of approximately $2.70 per hour.

29. The prevailing minimum at all relevant times was $7.25 per hour for Plaintiff and all members of the proposed class.

30. On information and belief, Plaintiff and all members of the proposed class were paid less than $3.00 per hour by Defendants; Defendants relied upon a tip credit to make up any difference between a waitress's hourly wage and the prevailing minimum wage.

31. Defendants' practice of charging Plaintiff and members of the proposed class $15 to $20 per day to work violated the FLSA in two ways:

> (i) Plaintiff and members of the proposed class were forced to pay $15 to $20 per day in cash from their collected tips, but this collection went to DBI and/or DBI management, thus creating an unlawful "tip pool"; and
>
> (ii) The practice of charging Plaintiff and members of the proposed class $15 to $20 per day, which money was taken from tips they earned, deprived Plaintiff and members of the proposed class of lawfully earned tips/wages.

32. Defendants, by operating an unlawful "tip pool"; violated the FLSA because they were required to pay Plaintiff and members of the proposed class the prevailing minimum wage of $7.25 per hour.  Plaintiff estimates that her unpaid minimum wages and unlawfully taken tips

totaled in approximately $305 per week, which would put her unpaid wages at approximately $6,100.  Plaintiff's unpaid weekly damages are representative of members of the proposed class.

33. As a result of Defendant's unlawful conduct, Plaintiff and the collective are entitled to actual and compensatory damages, including any unpaid minimum wages and overtime that should have been paid but were not paid.

34. Defendant failed to act reasonably to comply with the FLSA, and as such, Plaintiff and the collective are entitled to an award of liquidated damages in an amount equal to the amount of unpaid wages deemed to be owed pursuant to 29 U.S.C. § 216(b).

35. Plaintiff and the collective are also entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees, and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

36. For Plaintiff alone, Defendant failed to properly pay wages to Plaintiff in an amount in excess of $6,100.00

37. Defendant's failure to pay Plaintiff and the collective proper minimum and overtime wages was a willful violation the FLSA. Defendant knew that its workers were unlawfully being deprived of wages, and that it is not a common practice in any U.S. industry to charge workers for the opportunity of a day's pay.

38. Plaintiff and members of the proposed class are also entitled to recover unpaid overtime wages to the extent any of them worked in excess of forty hours per week, and such damages shall equal the difference between one-and-a-half times the prevailing minimum wage and the hourly pay actually received.  Plaintiff and members of the proposed class may seek unpaid wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i) at least $6,100.00 in damages for Plaintiff alone; (ii) at least $6,100.00 in liquidated damages for Plaintiff alone; (iii) commensurate damages for

any members of the proposed collective who opt-in to this lawsuit; and (iv) Plaintiff's attorney's fees and costs, to be determined.

39. Plaintiff has retained the law firm of Justicia Laboral LLC to represent her in this action. Plaintiff entered into a valid contract with Justicia Laboral LLC and has appointed the undersigned counsel to be his/her agent, attorney-in-fact, and representative in this suit, exclusive of all other parties, including Plaintiff. To avoid tortious interference with Plaintiff's obligations to her attorneys in this suit, all communications concerning this suit must be made by Defendants' attorneys solely to and through the undersigned counsel. Plaintiff's contract with and representation by the undersigned attorney gives rise to a claim for reasonable and necessary attorneys' fees that Plaintiff is entitled to collect against Defendants pursuant to 29 U.S.C. § 216(b).

## Request for Relief

**WHEREFORE**, Plaintiff respectfully prays for an Order:

a. Requiring Defendants to file with the Court and provide to Plaintiff's counsel a list of all names and current (or best known) home addresses and email addresses of all individuals who currently work or have worked for Defendant as a waitress during the three years prior to the filing of this Complaint;

b. Certifying this case as a Collective Action;

c. Authorizing Plaintiff's counsel to issue a notice informing collective members that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit;

d. Issuance of a declaratory judgment that the practices complained of in this Collective Action are unlawful;

e. Finding that Defendants willfully violated the applicable wage provisions of the FLSA and by failing to pay all required wages to Plaintiff and Collective Members;

f. Granting judgment in favor of Plaintiff and the Collective Members on their FLSA claims;

g. Awarding compensatory damages to Plaintiff and the Collective Members in an amount to be determined;

h. Awarding pre-judgment and post-judgment interest to Plaintiff and the Collective Members;

i. Awarding liquidated damages to Plaintiff and the Collective Members;

j. Awarding all costs and reasonable attorney's fees incurred prosecuting the claims;

k. Awarding reasonable incentive awards to the Named Plaintiff to compensate them for the time and effort they have spent and will spend protecting the interest of other Collective Members, and the risks they are undertaking;

l. Awarding appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendant from continuing its unlawful practices;

m. Awarding any further relief the Court deems just and equitable; and

n. Granting leave to add additional case plaintiff(s) by motion, the filing of written consent forms, or any other method approved by the Court.

## Count II – Negligent Failure To Maintain A Safe Workspace

40. Plaintiff incorporates paragraphs 1-20 above as par. 40 herein.

## Rule 23 Class Allegations

41. Plaintiff brings a negligence claim against Defendants for failure to maintain a safe workplace; Plaintiff brings their negligence claim as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of herself and on behalf of all other similarly-situated persons who were employed by Defendants and forced to consume excessive amounts of alcohol in compliance with Defendants' Unsold Shots policy. On information and belief, the proposed class consists of at least forty individuals, and likely will be in excess of eighty individuals; thus making it so numerous that joinder of all members is impracticable.

42. Defendants forced and/or compelled Plaintiff and other waitresses to consume excessive amounts of alcohol in order to satisfy an artificially-inflated quota for the sale of alcoholic beverages at DBI.

43. These policies were applied uniformly to all waitresses employed at DBI; during the Class period, Defendants were aware of these policies; in fact they approved and implemented these policies.

44. As a result of these policies, Defendants violated their duty to maintain a safe workplace for Plaintiff and members of the proposed class; these policies caused physical harm and injuries to Plaintiff and the proposed class, including alcohol poisoning and other damages.

45. During all relevant periods, none of the Defendants maintained an applicable worker's compensation policy of insurance.

46. Plaintiff claims damages of at least $10,000 for herself and per class member.

47. Certification of the Class claims as a class action is the most efficient and economical means of resolving the questions of law and fact common to Plaintiffs' claims. Plaintiff has standing to seek such relief because of the adverse effects of Defendants' policies that she personally suffered, including physical injury and pecuniary loss. Without class certification, the same evidence and issues would be subject to re-litigation in a multitude of individual lawsuits with an attendant risk of inconsistent adjudications and conflicting obligations. Certification of the Class is the most efficient and judicious means of presenting the evidence and arguments necessary to resolve such questions for Plaintiffs and the proposed class.

48. Plaintiff's claim raises questions of fact and law common to the proposed class, including: the exact parameters of Defendants' policies in place for its employees; the standard of care imposed on DBI; whether there was a breach of Defendants' standard of care; and damages caused by Defendants' breach of the standard of care.

49. These common questions of law and fact arise from the same course of events, and each proposed Class Member will make similar legal and factual arguments to prove liability.

50. Plaintiff is a member of the proposed class that she seeks to represent; the relief sought by Plaintiff is typical of the relief that she will seek on behalf of the proposed class; and Plaintiff will fairly and adequately protect the interests of the proposed class.

51. Defendants possessed a duty to Plaintiff and members of the proposed class to:

> (1) furnish a reasonably safe place to work, (2) warn employees of hazards of their employment that are not commonly known or already appreciated, (3) supervise employees' activities, (4) hire competent co-employees, (5) furnish reasonably safe instrumentalities with which to work, and (6) provide safety regulations.

52. Plaintiff pursues the requested relief on behalf of the following proposed Class:

> All individuals who currently work, or have worked, for Defendants, who have been forced to consume excessive amounts of alcohol in compliance with DBI's Unsold Shots policy.

53. Defendants adopted and enforced the Unsold Shots policy against Plaintiff and members of the proposed class, and thereby breached each of the duties set forth in Paragraph 50.

54. Defendants' breach of the duties set forth above proximately and actually caused damage to Plaintiff and members of the proposed class, in that they regularly suffered from alcohol poisoning and/or other adverse effects of alcohol consumption, and pecuniary damages in the event they failed to comply with the Unsold Shots policy, in the form of having to "pay back" Defendants.

55. Plaintiff's damages are at least $10,000, and her damages are representative of damages suffered by the proposed class.

56. Plaintiff has retained the law firm of Justicia Laboral LLC to represent her in this action. Plaintiff entered into a valid contract with Justicia Laboral LLC and has appointed the undersigned counsel to be his/her agent, attorney-in-fact, and representative in this suit, exclusive of all other parties, including Plaintiff. To avoid tortious interference with Plaintiff's obligations to her attorneys in this suit, all communications concerning this suit must be made by Defendants' attorneys solely to and through the undersigned counsel. Plaintiff's contract with and representation by the undersigned attorney gives rise to a claim for reasonable and necessary attorneys' fees that Plaintiff is entitled to collect.

**Request for Relief**

WHEREFORE, Plaintiff respectfully prays for an Order:

a. Certifying the proposed class, and requiring Defendants to file with the Court and provide to Plaintiff's counsel a list of all names and current (or best known) home addresses and email addresses of all individuals who currently work or have worked for Defendant as a waitress or server during the three years prior to the filing of this Complaint;

b. Certifying this case as a Class Action;

c. Authorizing Plaintiff's counsel to issue a notice informing class members that this action has been filed, of the nature of the action, and of their right to opt-out of this lawsuit;

d. Issuance of a declaratory judgment that the practices complained of in this class action are unlawful and shall cease immediately;

e. Granting judgment in favor of Plaintiff and the Class Members on their claims, for a sum of at least $10,000 per class member;

f. Awarding compensatory damages to Plaintiff and the Class Members in an amount to be determined;

g. Awarding pre-judgment and post-judgment interest to Plaintiff and the Class Members;

h. Awarding reasonable incentive awards to the Named Plaintiff to compensate them for the time and effort they have spent and will spend protecting the interest of other Class Members, and the risks they are undertaking;

i. Awarding appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendant from continuing its unlawful practices;

j. Awarding any further relief the Court deems just and equitable; and

j. Granting leave to add additional case plaintiff(s) by motion, the filing of written consent forms, or any other method approved by the Court.

**Plaintiff(s) request trial by jury for all counts where allowed**

                                                                             s/   James M. Dore

**Justicia Laboral LLC**
James M. Dore (TX Bar # 24128272)
*Attorneys for Plaintiffs*
6232 N. Pulaski Road, Suite 300
Chicago, IL. 60646
P: 773-415-4898
E: jdore@justicialaboral.com

## CONSENT TO JOIN COLLECTIVE ACTION
### Pursuant to Fair Labor Standards Act 29 U.S.C. § 216(b), and any other applicable statute where consent is necessary

Name: Yoania Hernandez

1. I am over the age of eighteen and competent to give my consent in this matter.

2. I consent and agree to pursue my claims for wages, overtime amounts, that I allege are due to me for work I performed for which I allege the Defendant is liable.

3. I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., to recover alleged wages, overtime, and/or other benefits, including liquidated damages. I hereby consent, agree, and opt in to become a Plaintiff herein and be bound by any judgment by the Court or any settlement of this action.

4. I choose to be represented by class counsel Justicia Laboral LLC for all purposes in this action and to take any steps necessary to pursue my claims, including filing new lawsuits.

5. I designate any named plaintiffs, to the fullest extent possible under applicable laws, as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, compensation due my attorneys, and all other matters pertaining to this lawsuit.

6. I consent and agree to act as representative class representative for any other claims for which I allege the Defendant is liable.

7. This consent was translated for me into Spanish by an employee of Justicia Laboral LLC prior to signing.

| | DocuSigned by: |
|---|---|
| _____ | _____ |
| **Date Signed** | **Signature** |

Yoania Hernandez
**Printed Name**